IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DIANE WASINGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-6110-CV-SJ-ODS-SSA ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability and supplemental security income benefits. The Commissioner's decision is reversed and remanded for further proceedings.

At the administrative hearing, Plaintiff's attorney requested that Dea Campbell, D.O., one of Plaintiff's primary treating physicians, be permitted to testify. R. 34. In response, the ALJ stated:

> I don't need any duplicative testimony, simply because I don't need it, and secondly, we have other claimants that have their hearings today, and so I don't want to prolong this hearing unnecessarily so that we delay other claimants, because I see Exhibit 15E, Dee Campbell has submitted – I believe there's two statements contained there in 15E, and I think there's something in 16F as well.

R. 25. Plaintiff's attorney explained that, in addition to her written opinions, Dr. Campbell would testify as to the side effects of Plaintiff's medications, her treatments records, and her opinions. R. 35. The ALJ denied Dr. Campbell the opportunity to testify, stating:

> Okay, and basically, what you just said, it's be a restatement of what's in her records, so if that's what it's [going to] be, I don't believe that testimony will be

necessary in these proceedings today, because, as I said, there's – she provides two different statements in Exhibit 15F that lays out – and they're – recent.

R. 35. On March 9, 2012, the Administrative Law Judge ("ALJ") issued her written opinion and assigned little weight to Dr. Campbell's opinions because there were no treatment notes supporting them. R. 23.

Plaintiff argues the ALJ erred in failing to allow the testimony of Dr. Campbell. Plaintiff argues, and the Court agrees, that had the ALJ permitted Dr. Campbell to testify, the ALJ could have questioned Dr. Campbell as to the lack of treatment notes and/or the lack of support in the treatment notes. The case must be remanded to permit the ALJ to develop the Record and allow Dr. Campbell to testify regarding the side effects of Plaintiff's combination of medications and to explain the lack of treatment notes supporting her opinions.

Next, Plaintiff argues the ALJ erred in failing to consider a third-party statement from D. Simpson, an employee of the Defendant, who observed that Plaintiff was fidgety and shaky during an interview. Plaintiff argues that the Social Security Regulations require the ALJ to consider statements and observations by Social Security Administration employees. 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) ("We will consider all of the evidence presented, including . . . observations by our employees and other persons."). On remand, the ALJ is directed to consider Simpson's observations. The ALJ is free to reject the third party statement, but should clearly mention it in the written opinion or indicate in what manner the ALJ treated the evidence.

Accordingly, the Commissioner's final decision denying Plaintiff's application for disability and supplemental security income benefits is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 17, 2013                    UNITED STATES DISTRICT COURT